UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
NEW YORK MARINE AND GENERAL
INSURANCE COMPANY,

                             Plaintiff,              Civil Action No.:

v.

                                                   **COMPLAINT FOR**
                                                   **DECLARATORY JUDGMENT**

HUDSON EXCESS INSURANCE COMPANY
and THIRD COAST INSURANCE COMPANY,

                             Defendant,

and

FANNY VINUEZA,

                           Nominal Defendant.
---------------------------------------------------------------x

       Plaintiff, NEW YORK MARINE AND GENERAL INSURANCE COMPANY ("New York" or "Plaintiff"), by its attorneys LONDON FISCHER LLP, states the following as and for its Complaint against Defendants, HUDSON EXCESS INSURANCE COMPANY ("Hudson") and THIRD COAST INSURANCE COMPANY ("Third Coast") and Nominal Defendant FANNY VINUEZA ("Vinueza").

## NATURE OF THE ACTION

       1.     In this action, New York seeks a declaration that Hudson and Third Coast are obligated to defend and indemnify its insureds, Kedex Properties LLC ("Kedex") and A-1 State Inc. ("A-1") (collectively "Kedex and A-1"), and to reimburse New York in connection with an underlying action.

2. Vinueza alleges she suffered injuries on July 6, 2022, and subsequently filed an underlying action entitled, *Fanny Vinueza v. A-1 State Inc., Three Star Construction Group and Kedex Properties, Inc.*, Supreme Court, Kings County; Index No. 520624/2022.

3. New York has been forced to defend Kedex and A-1 in the Underlying Action and has incurred defense costs and expenses because of Hudson's and Third Coast's refusal to defend and indemnify Kedex and A-1.

**PARTIES**

4. New York is an insurance company incorporated under the laws of New York and has its principal place of business in New Jersey. New York is authorized to sell insurance in New York.

5. Hudson is an insurance company incorporated under the laws of Delaware, has its principal place of business in the State of New York, is authorized to sell insurance in New York, and has conducted and continues to conduct substantial business in New York.

6. Third Coast is an insurance company incorporated under the laws of Wisconsin, has its principal place of business in the State of Wisconsin, is authorized to sell insurance in New York, and has conducted and continues to conduct substantial business in New York.

7. Upon information and belief, at all times material hereto, Vinueza was and is an individual domiciled in the State of New York, Queens County.

8. Vinueza is a nominal defendant as the judicial declarations requested in this action may impact insurance coverage for the claims asserted by Vinueza in the Underlying Action.

## JURISDICTION AND VENUE

9. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy related to the Underlying Action exceeds the sum or value of $75,000, exclusive of interest and costs.

10. In the Underlying Action, Vinueza alleges multiple permanent injuries, including multiple knee and spinal fusion surgeries requiring extensive medical care.

11. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

12. Personal jurisdiction over Hudson is proper as it has its principal place of business in New York and conducts business in the State of New York.

13. Personal jurisdiction over Third Coast is proper as it has its principal place of business in Wisconsin and conducts business in the State of New York.

14. Personal jurisdiction over Vinueza is proper as she is a resident of, and domiciled in, the State of New York.

15. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## INSURANCE POLICIES

16. Hudson issued a Commercial General Liability Policy to its Named Insured, Three Star Construction Group LLC ("Three Star"), bearing Policy # HXMP103623, effective from September 18, 2021 to September 18, 2022 (the "Hudson Policy").

17. Hudson issued a Commercial General Excess Liability Policy to Three Star, bearing Policy # HXMX202585, effective from September 18, 2021 to September 18, 2022 (the "Hudson Excess Policy").

18. The Hudson Policy and the Hudson Excess Policy (collectively, the "Hudson Policies") provide coverage for "bodily injury" that takes place during their policy periods and that is caused by an accident.

19. Third Coast issued a Commercial General Liability Policy to its Named Insured, Beesham Construction Inc. ("Beesham"), bearing Policy # GLSISTC001448322, effective from January 14, 2022 to January 14, 2023 (the "Third Coast Policy").

20. The Third Coast Policy provides coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

21. Kedex and A-1 qualify as Additional Insureds under the Hudson Policies on a primary and non-contributory basis.

22. Kedex and A-1 qualify as Additional Insureds under the Third Coast Policy on a primary and non-contributory basis.

## CONTRACTS

23. Pursuant to a contract, Three Star agreed to procure insurance on behalf of Kedex and A-1 and to name Kedex and A-1 as Additional Insureds on a primary and non-contributory basis on its own insurance policies with Hudson.

24. Pursuant to a contract, Beesham agreed to procure insurance on behalf of Kedex and A-1 and to name Kedex and A-1 as Additional Insureds on a primary and non-contributory basis on its own insurance policies with Third Coast.

## ACCIDENT AND UNDERLYING LAWSUIT

25. In the Underlying Action, a Complaint was filed on July 20, 2022, entitled, *Fanny Vinueza v. A-1 State Inc., Three Star Construction Group and Kedex Properties, Inc.*, Supreme Court, Kings County; Index No. 520624/2022. On July 11, 2023, a Third-Party Complaint was

filed entitled, *A-1 State, Inc. and Kedex Properties, LLC v. Beesham Construction Inc.* (collectively, the "Underlying Action").

26. In the Underlying Action, Vinueza alleges that on July 6, 2022, she was working at 89-07 34th Avenue, Queens, New York 11372 (the "Premises") when she was injured.

27. In the Underlying Action, it is alleged that Three Star was negligent and responsible for Vinueza's injuries.

28. In the Underlying Action, it is alleged that Beesham was negligent and responsible for Vinueza's injuries.

29. New York assigned counsel to defend Kedex and A-1 and is paying for Kedex's and A-1's defense in the Underlying Action.

## **TENDERS**

30. New York tendered the Underlying Action to Hudson on behalf of Kedex and A-1 on July 14, 2023.

31. Hudson failed to respond.

32. As a result of Hudson's failure to respond, New York again tendered the Underlying Action to Hudson on behalf of Kedex and A-1 on January 31, 2024.

33. Nearly seven months later, on February 3, 2024, Hudson provided an improper coverage determination and denied New York's tender.

34. Specifically, Hudson claimed that Three Star stated that it did not know about the alleged underlying accident and thus there was no coverage under the Hudson Policies.

35. This is entirely incorrect and in direct contravention to New York.

36. New York tendered the Underlying Action to Third Coast on behalf of Kedex and A-1 on July 11, 2023.

37. Third Coast failed to respond.

38. As a result of Third Coast's failure to respond, New York again tendered the Underlying Action to Third Coast on behalf of Kedex and A-1 on December 5, 2023.

39. Over eight months later, on March 17, 2025, Third Coast provided an improper coverage determination and denied New York's tender.

40. Specifically, Third Coast denied coverage under inapplicable and time-barred exclusions and claimed there was no coverage because there was no evidence that Beesham caused the alleged underlying accident.

41. This is entirely incorrect and in direct contravention to New York.

42. In addition, there is evidence that Beesham caused the alleged underlying accident as Beesham was Vinueza's employer.

43. Hudson waited months to attempt to deny coverage and is precluded from doing so under New York Insurance Law § 3420.

44. Third Coast waited months to attempt to deny coverage and is precluded from doing so under New York Insurance Law § 3420.

45. Hudson has refused to defend and indemnify Kedex and A-1 in connection with the Underlying Action under the Hudson Policies.

46. Third Coast has refused to defend and indemnify Kedex and A-1 in connection with the Underlying Action under the Third Coast Policy.

47. Hudson is estopped from denying coverage to Kedex and A-1 and has waived all potential coverage defenses under the Hudson Policies in connection with the Underlying Action.

48. Third Coast is estopped from denying coverage to Kedex and A-1 and has waived all potential coverage defenses under the Third Coast Policy in connection with the Underlying Action.

49. New York has been forced to defend Kedex and A-1 in the Underlying Action and has incurred defense costs and expenses because of Hudson's improper refusal to defend and indemnify Kedex and A-1.

50. New York has been forced to defend Kedex and A-1 in the Underlying Action and has incurred defense costs and expenses because of Third Coast's improper refusal to defend and indemnify Kedex and A-1.

51. An actual controversy exists between New York and Hudson with respect to Hudson's duty to defend and to indemnify Kedex and A-1 in connection with the Underlying Action.

52. An actual controversy exists between New York and Third Coast with respect to Third Coast's duty to defend and to indemnify Kedex and A-1 in connection with the Underlying Action.

53. New York has no adequate remedy at law.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

54. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "53'' as if fully set forth herein.

55. The subject accident and the Underlying Action fall within coverage afforded by Hudson under the Hudson Policies.

56. Kedex and A-1 are additional insureds under the Hudson Policies and are entitled to defense and indemnity from Hudson in connection with the subject accident and the Underlying Action.

57. Hudson must provide primary and noncontributory coverage for the subject accident and the Underlying Action to Kedex and A-1 under the Hudson Policies.

58. As a result of its violation of New York Insurance Law § 3420, Hudson is estopped from denying coverage to Kedex and A-1 and has waived all potential coverage defenses under the Hudson Policies.

59. New York is entitled to a declaration that Hudson has a duty to defend and indemnify Kedex and A-1 on a primary and noncontributory basis in connection with the subject accident and the Underlying Action and must reimburse New York for past defense costs and expenses incurred in defending Kedex and A-1.

60. The subject accident and the Underlying Action fall within coverage afforded by Third Coast under the Third Coast Policy.

61. Kedex and A-1 are additional insureds under the Third Coast Policy and are entitled to defense and indemnity from Third Coast in connection with the subject accident and the Underlying Action.

62. Third Coast must provide primary and noncontributory coverage for the subject accident and the Underlying Action to Kedex and A-1 under the Third Coast Policy.

63. As a result of its violation of New York Insurance Law § 3420, Third Coast is estopped from denying coverage to Kedex and A-1 and has waived all potential coverage defenses under the Third Coast Policy.

64. New York is entitled to a declaration that Third Coast has a duty to defend and indemnify Kedex and A-1 on a primary and noncontributory basis in connection with the subject accident and the Underlying Action and must reimburse New York for past defense costs and expenses incurred in defending Kedex and A-1.

**SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**

65. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "64" as if fully set forth herein.

66. The subject accident and the Underlying Action fall within the coverage afforded by Hudson under the Hudson Policies.

67. All terms and conditions of the Hudson Policies have been complied with and met.

68. Hudson is obligated to defend and to indemnify Kedex and A-1 on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Hudson Policies.

69. Hudson has breached its obligations by refusing to defend and to indemnify Kedex and A-1 in connection with the subject accident and the Underlying Action under the Hudson Policies.

70. As a result of its violation of New York Insurance Law § 3420, Hudson is estopped from denying coverage to Kedex and A-1 and has waived all potential coverage defenses under the Hudson Policies.

71. As a result of Hudson's breach of its obligation to defend and to indemnify Kedex and A-1 in connection with the subject accident and the Underlying Action, New York has been required to incur defense costs that should have been incurred by Hudson and continues to do so.

72. New York has suffered and will continue to suffer damages on account of Hudson's refusal to fulfill its obligations to defend and to indemnify Kedex and A-1 in connection with the subject accident and the Underlying Action.

73. Hudson is liable for any and all damages by virtue of its breach of its obligation to defend and to indemnify Kedex and A-1 in connection with the subject accident and the Underlying Action, including paying past defense costs and ongoing costs and fees and expenses for defense and/or indemnity.

74. The subject accident and the Underlying Action fall within the coverage afforded by Third Coast under the Third Coast Policy.

75. All terms and conditions of the Third Coast Policy have been complied with and met.

76. Third Coast is obligated to defend and to indemnify Kedex and A-1 on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Third Coast Policy.

77. Third Coast has breached its obligations by refusing to defend and to indemnify Kedex and A-1 in connection with the subject accident and the Underlying Action under the Third Coast Policy.

78. As a result of its violation of New York Insurance Law § 3420, Third Coast is estopped from denying coverage to Kedex and A-1 and has waived all potential coverage defenses under the Third Coast Policy.

79. As a result of Third Coast's breach of its obligation to defend and to indemnify Kedex and A-1 in connection with the subject accident and the Underlying Action, New York has

been required to incur defense costs that should have been incurred by Third Coast and continues to do so.

80. New York has suffered and will continue to suffer damages on account of Third Coast's refusal to fulfill its obligations to defend and to indemnify Kedex and A-1 in connection with the subject accident and the Underlying Action.

81. Third Coast is liable for any and all damages by virtue of its breach of its obligation to defend and to indemnify Kedex and A-1 in connection with the subject accident and the Underlying Action, including paying past defense costs and ongoing costs and fees and expenses for defense and/or indemnity.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment as follows:

a. Declaring that Hudson has a duty to defend and to indemnify Kedex and A-1 on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Hudson Policies and to reimburse New York for past defense costs and expenses;

b. Declaring that Third Coast has a duty to defend and to indemnify Kedex and A-1 on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Third Coast Policy and to reimburse New York for past defense costs and expenses;

c. Awarding New York all damages incurred by virtue of Hudson's breach of its obligation to defend and to indemnify Kedex and A-1 in connection with the subject accident and the Underlying Action;

d. Awarding New York all damages incurred by virtue of Third Coast's breach of its obligation to defend and to indemnify Kedex and A-1 in connection with the subject accident and the Underlying Action; and

e. Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: New York, New York
February 12, 2026

LONDON FISCHER LLP

By: /s/ *William J. Edwins*
William J. Edwins
Attorneys for Plaintiff
New York Marine and General
Insurance Company
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 972-1000
Our File No.: 415.0567027